SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
E-mail: crowley@seyfarth.com
Lilah Wylde (SBN 273035)
E-mail: lwylde@seyfarth.com
Clara L. Rademacher (SBN 355494)
E-mail: crademacher@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile:(415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SILVA,<br><br>               Plaintiff,<br><br>       v.<br><br>KAISER FOUNDATION HOSPITALS, California Corporation; and DOES 1 through 50, inclusive,<br><br>               Defendant. | Case No.<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL**<br><br>[Solano County Superior Court, Case No. CU24-09106]<br><br>Complaint Filed: November 20, 2024 |

**TABLE OF CONTENTS**

I.  PROCEDURAL BACKGROUND ....................................................................1

II.  REMOVAL IS TIMELY .............................................................................2

III.  FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT ................................................................4

    A.  Plaintiff's Employment With Defendant Was Governed By A CBA.............5

    B.  Plaintiff's Tenth Through Fifteenth Causes of Action Are Preempted Because The CBA Must Be Interpreted to Adjudicate Liability. ..................6

    C.  Plaintiff's Overtime Claim Is Separately Preempted Because It is Exempted From the Labor Code, and Must Be Interpreted Based on the CBA. ...........................................................................................9

    D.  Defendant's Defenses Will Also Necessarily Require An Interpretation of the CBA ..........................................................................11

IV.  SUPPLEMENTAL JURISDICTION ..........................................................11

V.  VENUE LIES IN THE COURT ..................................................................12

VI.  NOTICE OF REMOVAL ...........................................................................12

VII.  PRAYER FOR REMOVAL ........................................................................13

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allis-Chalmers Corps. V. Lueck*,
　471 U.S. 202 (1985)..................................................................................................4

*Armenta v. Stater Bros. Markets*,
　Case No. 5:20-cv-02364, 2021 WL 1102444 (C.D. Cal. Mar. 23, 2021) ...................11

*Audette v. Int'l Longshoremen's and Warehousemen's Union*,
　195 F.3d 1107 (9th Cir. 1999) .............................................................................4, 11

*Bridget v. Telecare Corp.*,
　No. 2:19-cv-01224-AB-JC, 2019 WL 1931740 (C.D. Cal. May 1, 2019)..................12

*Brown v. Brotman Med. Ctr., Inc.*,
　571 F. App'x 572 (9th Cir. 2014) ...........................................................................12

*Caterpillar, Inc. v. Williams*,
　482 U.S. 386 (1987)................................................................................................4

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
　428 F.3d 206 (5th Cir. 2005) ..................................................................................3

*Harris v. Bankers Life & Cas. Co.*,
　425 F.3d 689 (9th Cir. 2005) ..................................................................................3

*Jauregui v. Cytec Engineered Materials, Inc.*,
　Case No. CV 20-02440, 2021 WL 1153992 (C.D. Cal. Mar. 26, 2021)....................10

*Kenny v. Wal-Mart Stores, Inc.*,
　881 F.3d 786 (9th Cir. 2018) ..................................................................................2

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
　832 F.3d 1024 (9th Cir. 2016) ................................................................................5

*Langston v. 20/20 Companies, Inc.*,
　2014 WL 5335734 (C.D. Cal. Oct. 17, 2014) ..........................................................3

*Marquez v. Toll Glob. Forwarding*,
　804 F. App'x 679 (9th Cir. 2020) ..........................................................................10

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
　526 U.S. 344 (1999)............................................................................................2, 3

*Newberry v. Pacific Racing Association*,
　854 F.2d 1142 (9th Cir. 1988) ................................................................................5

*Olea v. Teichert Pipelines, Inc.*,
　Case No. 2:21-cv-01675, 2021 WL 1839683 (C.D. Cal. May 7, 2021) ....................10

ii

*Olguin v. Inspiration Consol. Copper Co.*,
   740 F.2d 1468 (9th Cir. 1984), *overruled on other grounds by Allis-*
   *Chalmers Corp.*, 471 U.S. 220 ...........................................................................4

*Radcliff v. San Diego Gas & Elec. Co.*,
   519 F. Supp. 3d 743 (S.D. Cal. 2021)...............................................................10

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
   720 F.3d 1121 (9th Cir. 2013) ............................................................................3

*Young v. Anthony's Fish Grottos, Inc.*,
   830 F.2d 993 (9th Cir. 1987) ..........................................................................4, 5

**State Cases**

*Richard Silva, an individual Plaintiff  v. Kaiser Foundation Hospitals,*
   *California Corporation*,
   Case No. CU24-09106 ........................................................................................1

*Thierfeldt v. Marin Hosp. Dist.*,
   35 Cal. App. 3d 186 (1973) ................................................................................3

**Federal Statutes**

28 U.S.C. § 84(a) ......................................................................................................12

28 U.S.C. § 1331 .........................................................................................................1

28 U.S.C. § 1367(a) ...............................................................................................1, 11

28 U.S.C. § 1441 .........................................................................................................1

28 U.S.C. § 1441(a) ..............................................................................................4, 12

28 U.S.C. § 1441(b) ....................................................................................................4

28 U.S.C. § 1445 .........................................................................................................1

28 U.S.C. § 1446 .........................................................................................................2

28 U.S.C. § 1446(a) ..................................................................................................12

28 U.S.C. § 1446(d) ..................................................................................................12

29 U.S.C. § 185 ..............................................................................................1, 4, 5, 11

29 U.S.C. § 185(a) ......................................................................................................4

LMRA ............................................................................................................5, 10, 12

LMRA § 301 ...............................................................................................................1

LMRA § 310 .............................................................................................................10

iii

**State Statutes**

Business & Professions Code § 17200 et seq. ................................................................2, 7

Cal. Code Civ. Proc. § 415.30 ...............................................................................................3

Cal. Gov. Code § 12940(a) ...................................................................................................2

Cal. Gov. Code § 12940 et seq. ...........................................................................................2

Cal. Gov. Code § 12940(k) ...................................................................................................2

Cal. Gov. Code § 12940(m) ..................................................................................................2

Cal. Gov. Code § 12940(n) ...................................................................................................2

Cal. Labor Code § 226(a) ......................................................................................................7

Cal. Labor Code § 233(c) ......................................................................................................2

Cal. Labor Code § 510 .........................................................................................................10

Cal. Labor Code § 510(a) .....................................................................................................10

Cal. Labor Code § 510(a)(2) ..................................................................................................9

Cal. Labor Code § 514 .....................................................................................................9, 10

**Constitutional Provisions**

United States Constitution Article III .................................................................................11

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD**.

PLEASE TAKE NOTICE that Defendant KAISER FOUNDATION HOSPITALS ("Defendant") hereby removes to this Court the above-captioned matter from the Superior Court of the State of California for the County of Solano, to the United States District Court for the Eastern District, pursuant to 28 U.S.C. §§ 1331, 1441, and 1445. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331, because it arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. Moreover, to the extent this Court does not have original jurisdiction of one or more causes of action pursuant to section 301 of the LMRA, it has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) because the claims arise as part of the same "case and controversy."

I.    **PROCEDURAL BACKGROUND**

1.    On November 20, 2024, Plaintiff Richard Silva ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Solano, entitled *"Richard Silva, an individual Plaintiff  v. Kaiser Foundation Hospitals, California Corporation, Defendant,"* Case No. CU24-09106 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Lilah Wylde in Support of Defendant's Notice of Removal ("Wylde Decl."). (Wylde Decl., ¶ 2, Ex. A.)

2.    On November 22, 2024, Defendant received a Notice and Acknowledgement of Receipt, Summons, and Complaint. A true and correct copy of the service packet received by Defendant is attached as **Exhibit B** to the concurrently filed Declaration of Lilah Wylde. (Wylde Decl. ¶ 3, Ex. B.)

3.    On December 11, 2024, Defendant, by and through their undersigned counsel of record, timely executed and served their Notice and Acknowledgement of Receipt of the Complaint. A true and correct copy of the executed Notice and

Acknowledgement of Receipt of the Complaint is attached as **Exhibit C** to the concurrently filed Declaration of Lilah Wylde. (Wylde Decl., ¶ 4, Ex. C.)

4.     On Friday, January 5, 2025, Plaintiff served the filed Complaint on Defendant. A true and correct copy of the Complaint is attached as **Exhibit D** to the concurrently filed Declaration of Lilah Wylde. (Wylde Decl., ¶ 5, Ex. D.)

5.     The Complaint alleges claims for: (1) CFRA Interference; (2) CFRA Retaliation; (3) Physical Disability Discrimination: Gov. Code § 12940(a); (4) Failure to Engage in the Interactive Process: Gov. Code § 12940(n); (5) Failure to Accommodate: Gov. Code § 12940(m); (6) FEHA Retaliation: Gov. Code § 12940 et seq.; (7) Wrongful Termination in Violation of Public Policy; (8) Violation of Labor Code § 233(c); (9) Failure to Prevent Discrimination and Retaliation: Gov. Code § 12940(k); (10) Failure to Pay Minimum Wages; (11) Failure to Pay Overtime Wages; (12) Failure to Pay Wages Owed; (13) Failure to Provide Accurate, Itemized Wage Statements; (14) Waiting Time Penalties; and (15) Violation of Business & Professions Code § 17200 et seq. *See* Wylde Decl., Ex. A at pg. 4:18 – 22:4.

6.     Defendant has not filed or received any other pleadings or papers in this action, other than the pleadings included as Exhibits A through D (Wylde Decl. ¶ 6.)

## II.     REMOVAL IS TIMELY

7.     The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. §1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is

2

'indeterminate' with respect to removability.'"); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)). Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."). *Id.*

8. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

9. When a defendant accepts service by notice and acknowledgement of receipt of the complaint, the 30-day period to remove is not triggered until a defendant executes and returns the acknowledgement of service. *Murphy Bros., Inc.*, 526 U.S. at 348 (removal period is not triggered "by mere receipt of the complaint unattended by any formal service"); *Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, at *3 (C.D. Cal. Oct. 17, 2014) ("[S]ervice by mail is not complete until the recipient signs the acknowledgement of receipt and thereafter returns it to the sender … California courts have clarified that [Cal. Code Civ. Proc. § 415.30] 'expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service….'") (quoting *Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 199 (1973)).

10. Here, service of the Complaint was deemed complete on December 11, 2024, when Defendant executed and returned its acknowledgements of service of the Complaint. (Wylde Decl., Ex. C, Notice and Acknowledgements of Receipt of the Complaint.)  Defendant's Notice of Removal is timely because it is filing this Notice on January 10, 2025, which is within 30 days of service of the Complaint on December 11, 2024.

3

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

## III.    FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT

11.    Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). This action may be removed to this Court by Defendants under 28 U.S.C. section 1441(b) because it arises under the LMRA, Section 301, codified at 29 U.S.C. Section 185 *et seq.*

12.    Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A collective bargaining agreement or "CBA" is just such a contract, and Section 301 preempts all state-law claims "founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim [1] based on a collective bargaining agreement, and [2] any state claim whose outcome depends on analysis of the terms of the agreement." *Young*, 830 F.2d at 997 (citations omitted). Where a right asserted is rooted in a CBA, the claim must be either treated as a Section 301 claim or dismissed as preempted by federal law. *See Allis-Chalmers Corps. V. Lueck*, 471 U.S. 202, 220 (1985);  *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) (state law claims seeking to enforce the terms of a CBA are preempted).

13.    Here, Plaintiff did not specifically reference or invoke the terms of the CBA in his Complaint. That is no impediment to Defendant's right to remove this action to federal court. Under the artful pleading doctrine, Plaintiff may not avoid federal jurisdiction simply by pleading a claim that can only be made under federal law as a state law claim. *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984), *overruled on other grounds by Allis-Chalmers Corp.*, 471 U.S. at 220

4

("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provision of the collective bargaining agreement. . . . In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law."); *Newberry v. Pacific Racing Association,* 854 F.2d 1142, 1146 (9th Cir. 1988) ("[T]he key to determining the scope of section 301 preemption is not based on how the complaint is framed, but whether the claims can be resolved only by referring to the terms of the bargaining agreement."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court… properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").

14. Moreover, the Ninth Circuit has clarified that the LMRA preempts claims asserted under state law in two respects. First, if the claim involves a right that exists because of the CBA rather than state law, the "claim is preempted and [the court's] analysis ends there." *Burnside*, 491 F.3d at 1059; *see also Curtis*, 913 F.3d 1146, 1152 (9th Cir. 2019); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). Second, if the claim requires the Court to interpret the CBA or is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted, even if it is ostensibly based on state law. *See Burnside*, 491 F.3d at 1059; *Curtis*, 913 F.3d at 1152.

15. Here, all of the causes of action in the complaint are preempted by Section 301 because they are inextricably intertwined with and substantially dependent on interpretation of the CBA.

**A.    Plaintiff's Employment With Defendant Was Governed By A CBA**

16. Plaintiff alleges that he began working for Defendant in April 2019. (Complaint ¶ 6.) He further alleges that he was employed as a Foreman before being demoted to a Journeyman. (Complaint, ¶ 14).

5

17.     Plaintiff's employment with Defendant was governed by a CBA entitled the "Northern California Drywall Finishers Master Agreement Between District Council 16 & The Wall And Ceiling Alliance." (Declaration of Ronald Stock ("Stock Decl.") ¶ 3.) The CBA in effect when Plaintiff was hired in April 2019 was effective until June 30, 2022. (Stock Dec. ¶ 5, Ex. A.) A new version became effective July 1, 2022, and remained in effect until Plaintiff's termination. (Stock Dec. ¶ 6, Ex. B.) Both versions are identical as relevant to this litigation. ("Stock Decl. ¶ 7.)

18.     Plaintiff's employment was also governed by the Work Referral document that dispatched him from his Union ("Work Referral"). (Stock Decl. ¶ 8, Ex. B.). The Work Referral is the last work referral Plaintiff received before his termination, and includes job site, position, and wage information at the time of his termination. (*Id.*) It states that he was employed at the Kaiser – Vallejo location as a Drywall Finisher Journeyman, earning a base rate of $49.36 per hour, and a "total package" rate of $77.25, which includes his base rate and other benefits. *Id.* The Union dispatches a Work Referral to employees, who then need to present the Work Referral to an employer prior to performing any work for a new job. (*Id.*, Ex. B, at Article 6, Sections 4, 6, and 7.)

19.     At all times relevant to the Complaint, Plaintiff's employment was governed by the CBA and Work Referral. The CBA and Work Referral govern Plaintiff's wages, hours, and conditions of employment with Defendant, including job duties and responsibilities, hours worked, overtime, expenses, travel, working conditions, holidays, the grievance and arbitration procedures, and other items not relevant to this motion. See paragraphs 24-28, infra

**B.     Plaintiff's Tenth Through Fifteenth Causes of Action Are Preempted Because The CBA Must Be Interpreted to Adjudicate Liability.**

20.     Plaintiff's Tenth through Twelfth causes of action are preempted because they require interpretation of the CBA.

21.     Plaintiff's Tenth cause of action alleges that Defendant failed to pay Plaintiff minimum wages for all hours worked. (Complaint, ¶¶ 104-112.) Plaintiff's Eleventh

6

cause of action alleges that Defendant failed to pay Plaintiff overtimes wages that he was entitled to. (Complaint, ¶¶ 113-119.) Plaintiff's Twelfth cause of action alleges that Defendant failed to pay Plaintiff all wages owed. (Complaint, ¶¶ 120-124.) Plaintiff's Thirteenth cause of action alleges that Defendant failed to provide accurate itemized wage statements as required by Labor Code § 226(a). (Complaint, ¶¶ 125-131.) Plaintiff's Fourteenth cause of action alleges that Plaintiff is entitled to waiting time penalties as a result of the unpaid wages alleged under other causes of action. (Complaint, ¶¶ 132-137.) Plaintiff's Fifteenth cause of action alleges that Defendant violated Business and Professions Code § 17200, based on the underlying alleged causes of action.

22.    The only specific allegation regarding Plaintiff's wage and hour causes of action, is that when he was "clocked out and not at work, [he] was forced to respond to work related telephone calls and/or text messages regarding work related tasks." (Complaint, ¶ 21.)

23.    As a Foreman or Journeyman, Plaintiff's job duties and responsibilities, hourly rate, overtime rate, and the grievance procedure for wage and hour issues were governed by the CBA and Work Referral at all times during his employment.

24.    Article 8, Section 7 of the CBA includes overtime hourly rates, and specifies when overtime is paid. (Stock Decl. ¶ 5, Ex. A.) Specifically, it states:

> All overtime shall be paid at the rate of one and one-half (1 1/2) times the employees Taxable Net Wage except all hours worked in excess of twelve (12) hours in one (1) day, Sundays and all Holidays listed in Article 9, Section 7, which shall be paid at the rate of double time. If work is performed on Designated Days Off, wages will be paid at one and one-half (1 ½) times the employees Taxable Net Wage. No overtime work shall be performed without a permit from the Local Union in the area where the work is being performed. Copies of overtime checks shall be mailed to the Local Union issuing the overtime permit, when requested by the Union.

> If inclement weather forces a job to be shut down during the regular work week, Monday through Friday, then the Employer can work his crew on Saturday at Straight Time. A Saturday straight time day will only apply if inclement weather forces a job to shut down during the regular current work week (Monday through Friday). The Employer can work only that crew which is already on the jobsite at the time that inclement weather forced the shutdown. In order to qualify to receive a Saturday straight time permit, the Employer must contact the Local Union, supply the Union with jobsite information, date of inclement weather and name of employees.

7

(Id.)

25.    Article 9, Section 1 of the CBA defines A Regular Work Day to be "Eight (8) consecutive hours between five (5:00) a.m. to four-thirty (4:30) p.m….. Monday through Friday." (Stock Decl. ¶ 5, Ex. A.) It further specifies that "A four (4) ten (10) hour day work week may be implemented upon approval of the Union, Employer and employee. When a four (4) ten (10) hour day work week is established, it shall be for four (4) consecutive days Monday through Friday." *Id.*

26.    Article 9, Section 2 of the CBA confirms that:

> All other time than mentioned above shall be considered overtime. Employees shall not report to any shop earlier than thirty (30) minutes nor to any job earlier than twenty (20) minutes before starting time. These provisions shall apply only to work within the confines of the city or town of the Employer signatories hereto. Reporting to work on out-of-town jobs shall be in accordance with the provisions of "Travel Time" herein defined.

(Stock Decl. ¶ 5, Ex. A.)

27.    Article 12, Section 9, includes the grievance procedure for wage and hour claims. It provides that wage and hour claims, including all of the wage and hour claims in Plaintiff's Complaint, "shall be resolved exclusively through binding arbitration before an impartial arbitration….and shall not be brought in a court of law or before any administrative agency…" (Stock Decl. ¶ 5, Ex. A.)

28.    The CBA further provides that any disputes about what is covered by the arbitration clause cited above, is to be decided by the parties' labor arbitrator appointed as required by the CBA, not by a Court.  Specifically it provides:

> The aggrieved employee and Individual Employer shall request a panel of five (5) labor arbitrators from the Federal Mediation and Conciliation Service. The arbitrators shall be members of the National Academy of Arbitrators and located in Northern California….if the impartial arbitrator determines that the resolution of a statutory claim requires an interpretation of this Agreement, the impartial arbitrator shall certify a question to the Union and Employer seeking an interpretation of the relevant section(s) of this Agreement…"

(Stock Decl. ¶ 5, Ex. A, at Article 12, Section 9.)

29.    It is clear that Plaintiff's wage and hour allegations found in the Tenth through Fifteenth causes of action are covered by the mandatory arbitration provision

8

under the parties' CBA, and any dispute regarding that requires interpretation of the arbitration provision in the CBA. The CBA governs Plaintiff's wages, hours worked, overtime hours and rate of pay, and the grievance procedure for any wage and hour issues. Further, to the extent that Plaintiff disputes that the arbitration provision is triggered, that issue is left to an arbitrator appointed under the CBA process between the Union and Kaiser.

**C.    Plaintiff's Overtime Claim Is Separately Preempted Because It is Exempted From the Labor Code, and Must Be Interpreted Based on the CBA.**

30.    California Labor Code § 510(a)(2) exempts employment relationships from the state's overtime requirements where an employee is working pursuant to a CBA that meets the requirements of Labor Code § 514. See Cal. Lab. Code § 510(a)(2). For the exemption to apply, a CBA must "expressly provide[] premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Therefore, if the parties' CBA meets the requirements of § 514, then a plaintiff cannot maintain a claim for unpaid overtime because the Labor Code would not apply to the claim and any such claim would be based solely on the terms of the CBA.

31.    The CBA governing Plaintiff's employment satisfies each of these requirements. As provided above,  Article 8, Section 7, includes the rate of pay for overtime, and when overtime will be paid. The Work Referral includes Plaintiff's hourly rate, which is 30% more than the minimum wage, and all of the wage rates provided exceed 30% of the minimum wage. Plaintiff, for example, was paid $49.36, which is nearly 300% greater than minimum wage. (Stock Decl. ¶ 8, Ex. C.)

32.    The Ninth Circuit recently clarified that where an employee (1) sues for a Labor Code Violation, (2) the California Labor Code provides for a CBA exemption from the Labor Code requirements, and (3) the employee is governed by a CBA that meets that exemption, the Labor Code has been displaced, and the employee's claim is necessarily based upon the CBA, rather than the Labor Code. In *Curtis*, the Ninth Circuit held that an

9

employee's claim for overtime pay under Section 510 of the California Labor Code existed "solely as a result of the CBA" because the relevant statute governing overtime claims contained an exemption for qualifying CBAs that permitted ''unionized employees to contract around [the statute's requirements]." *Curtis,* 913 F.3d at 1154-55. Specifically, § 510(a) states that its requirements "do not apply to the payment of overtime compensation to an employee working pursuant to ... [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement" that complies with certain requirements. *Id.* at 1153 (quoting Cal. Lab. Code § 510). The Ninth Circuit therefore held that if employers were required to comply with the default rule regarding overtime compensation despite the existence of a qualifying CBA that created alternative arrangements, the statutory language above would be rendered superfluous. *See id.* at 1154. Since the CBA qualified for the statutory exemption, the Labor Code was displaced, and the plaintiff's right to overtime payments therefore existed solely as a result of the CBA, and as such his state law overtime claim was preempted. *See id.*

33.    Accordingly, Plaintiff's claim for overtime arises not under the Labor Code, but rather exclusively under the CBA, and therefore it is preempted by the LMRA. *See Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 681 (9th Cir. 2020) (where plaintiff was subject to a CBA qualifying for exemption from overtime under Cal. Labor Code § 514, the asserted overtime claim is both statutorily barred by § 514 and preempted by § 310 of the LMRA, because it arises not under the Labor Code, but rather under the CBA) (quoting *Curtis*, 913 F.3d at 1155); *see also Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750-51 (S.D. Cal. 2021) (denying motion to remand because claims for unpaid overtime were preempted by LMRA under *Curtis*); *Olea v. Teichert Pipelines, Inc.*, Case No. 2:21-cv-01675, 2021 WL 1839683, at *3-4 (C.D. Cal. May 7, 2021) (dismissing plaintiff's overtime claim based on preemption under *Curtis*); *Jauregui v. Cytec Engineered Materials, Inc.*, Case No. CV 20-02440, 2021 WL 1153992, at *4 (C.D. Cal. Mar. 26, 2021) (unpaid overtime claim preempted under

10

*Curtis*); *Armenta v. Stater Bros. Markets*, Case No. 5:20-cv-02364, 2021 WL 1102444, at \*2 (C.D. Cal. Mar. 23, 2021) (unpaid overtime claim preempted under *Curtis*).

### D. Defendant's Defenses Will Also Necessarily Require An Interpretation of the CBA

34.    Section 301 preemption applies even where an interpretation of the CBA is required to evaluate only the employer's defenses to a state law cause of action. *See Audette*, 195 F.3d at 1113 (civil rights claim preempted where interpretation of agreement was required in evaluating employer's *defense* that it had a legitimate non-business reason for its actions.)

35.    Here, any defenses Defendant pleads will necessarily require an interpretation of the CBA and Work Referral. For example, in order for Defendant to defend that it appropriately paid Plaintiff overtime, it will have to point to the section in the CBA that specifies overtime pay rates and entitlements, as well as the hourly rate provided in the Work Referral.

## IV.    SUPPLEMENTAL JURISDICTION

36.    Plaintiff's wage and hour claims are based upon and substantially dependent upon the CBA that governed his employment and thus arises under Section 301 of the LMRA, providing this Court with original federal subject matter jurisdiction.

37.    The remaining causes of action in the Complaint all pertain to Plaintiff's employment. They seek damages related to Plaintiff's allegations of discrimination, retaliation, wrongful termination, failure to accommodate, failure to engage in the accommodation process, and failure to provide legally mandated leave. These claims are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(A), in that they are sufficiently related to the Section 301 claim because they form part of the same case or controversy under Article III of the United States Constitution. See *Nelson*, 2022 WL 970776, at \*4 ("It is unnecessary to determine whether Plaintiff's remaining claims are preempted. Those claims relate to the same defendants and are grounded in Plaintiff's employment during the same period of time. Therefore, to the extent Plaintiff's remaining

11

claims are not subject to preemption, supplemental jurisdiction over such claims would be appropriate."); *Bridget v. Telecare Corp.*, No. 2:19-cv-01224-AB-JC, 2019 WL 1931740, at \*4 (C.D. Cal. May 1, 2019) ("The Court finds that Plaintiff's remaining claims are within the supplemental jurisdiction of this Court. See *Brown v. Brotman Med. Ctr., Inc.,* 571 F. App'x 572, 576 (9th Cir. 2014) ('[A] district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA.').

38.    This action is thus removable in its entirety.

## V.    VENUE LIES IN THE COURT

39.    The County of Solano lies within the jurisdiction of the United States District Court, Eastern District of California.

40.    Therefore, without waiving the Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## VI.    NOTICE OF REMOVAL

41.    Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiff, and file the written notice and a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, County of Solano, in the State Court Action.

42.    This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

43.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A through D** to this Notice of Removal.

DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL

## VII.  **PRAYER FOR REMOVAL**

44.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Solano, to the United States District Court for the Eastern District of California.

DATED: January 10, 2025                    Respectfully submitted,

                                           SEYFARTH SHAW LLP


                                           By: _____
                                               Christian J. Rowley
                                               Lilah Wylde
                                               Clara L. Rademacher
                                               Attorneys for Defendant
                                               KAISER FOUNDATION HOSPITALS

13